

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 13, 1961

Mr. Ellis A. Oualline, Jr.          Opinion No. WW-1131
County Attorney
Montgomery County          Re:  Whether a truck, with a
Conroe, Texas                    permanently fixed water
                                 tank, the only outlet for
                                 the water being a perm-
                                 anently fixed spray bar,
                                 used to water down road
                                 beds prior to paving and
                                 used for no other purposes,
                                 come within the classifica-
                                 tion of "construction
                                 machinery" as that is used
Dear Mr. Oualline:               in Art. 6675a, V.C.S.

        You have requested an opinion from this department on the
following question:

        "In your opinion does a truck with
    a permanently fixed water tank, the only
    outlet for the water being a permanently
    fixed spray bar, used to water down road
    beds or other surfaces prior to paving
    and used for no other purpose come
    within the classification of 'Construction
    machinery (not designed for the trans-
    portation of persons or property on the
    public highways)' Art. 6675a-2?"

        The pertinent parts of Article 6675a, V.C.S., read as
follows:

        "Every owner of a motor vehicle, trailer
    or semi-trailer used or to be used upon
    the public highways of this state shall
    apply each year to the State Highway
    Department through the County Tax Col-
    lector of the county in which he resides
    for the registration of each such vehicle
    owned or controlled by him for the ensuing
    or current calendar year or unexpired
    portion thereof;. . .   Owners of. . .con-
    struction machinery (not designed for the
    transportation of persons or property on
    the public highways) operated or moved

> temporarily upon the highways shall not
> be required to register such. . .con-
> struction machinery;. . ."

This amendment pertaining to construction machinery was added by Acts of the 55th Leg., Acts 1957, and we have been unable to find any Texas decisions construing this particular amendment.

In an Ohio case, State ex rel. Yontz v. West, 22 N.E. 2d 645 (1938) a similar situation arose in which a cement mixing motor conveyance that consisted of a truck chassis self-propelled by a gasoline motor with a permanently attached rotating drum or hopper, rotated by either the propelling motor or an auxiliary motor which was used for hauling ready mixed cement to construction jobs on the highway. In some instances, and other construction jobs off the highway.

The Ohio statute exempted motor vehicles

> ". . .used in construction work and
> not designed for or employed in general
> highway transportation. . ."

Quoting from the opinion at page 648, it is said:

> ". . .It is urged upon the part of
> the respondent that the device falls
> within the exception 'used in construc-
> tion work and not designed for or employed
> in general highway transportation'. . .

> ". . .It goes without arguing that,
> 'there is no presumption favorable to
> the exemption of property from taxation.
> An exemption from taxation must be clearly
> and expressly stated in the statute and
> must be such only as is authorized by the
> Constitution.'. . .

> ". . . .

> "It has been urged that the mixing,
> motor conveyances generally are not
> designed for and can not be employed in
> general highway transportation, but are
> strictly confined to moving cement mixture
> to the place where the same is deposited
> upon the work under construction. The

same thing may be said of numerous specially construction vehicles. The highways are clogged with heavy trucks upon which large tanks are placed by means of which oil and gas are transported over the highway to the gas stations where they are delivered to the retail customer. There are many specially constructed bodies such as those used for hauling groceries, transporting cattle and horses, farm products and manufactured goods, all of which are definitely devoted to a single purpose and are not designed for or employed in general highway transportation, if by 'general' we mean a transportation without restriction as to the load carried. Any vehicle that is designed for the transportation of objects and adapted to general transportation of special freight is still a motor vehicle under the definition of Section 6290, General Code."

The exemption in Article 6675a-2 specifies "construction machinery (not designed for the transportation of persons or property on the public highways)". The truck in question is designed for hauling water and spreading it on the road beds in connection with construction of highways. It is common knowledge that in many instances it is necessary for the water truck to travel along the public road for distances up to several miles in order to obtain the water to be spread on the road beds where the construction is being done. It is our opinion that water is property and is being transported on the public highway.

Trucks designed for hauling gravel and used only for hauling gravel on road construction jobs traveling various distances along the public road to secure the gravel to be used on the construction job would come within a very similar classification and we cannot conceive of these gravel trucks not being required to be registered and licensed. The same thing could be said about oil trucks which are designed and used only for hauling oil from a supply point to the construction job in which case it is necessary to travel over the public highways to deliver this commodity to the construction job. It is, therefore, our opinion that a truck designed for hauling water to a construction job and spreading it on the road bed at the construction job does not come within the classification of "construction machinery (not designed for the transportation of persons or property on the public highways)."

## S U M M A R Y

A truck with a permanently fixed
water tank, the only outlet for the water
being a permanently fixed spray bar,
used to water down road beds prior to
paving and used for no other purposes,
does not come within the classification
of "construction machinery (not designed
for transportation of persons or property
on the public highways)."

Yours very truly,

WILL WILSON
Attorney General of Texas

By _____
        J. H. Broadhurst
        Assistant

JHB:cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Vernon Teofan
Sam Wilson
Dudley McCalla

REVIEWED FOR THE ATTORNEY GENERAL
By:  Howard W. Mays